UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SADOU ALIOUS BAH, | Case No. 06-CV-3260 (PJS/JSM) |
| Petitioner, | |
| v. | |
| MARK CANGEMI, District Director, U.S. Immigration and Customs Enforcement (ICE); MICHAEL CHERTOFF, Secretary, Department of Homeland Security; MICHAEL B. MUKASEY, United States Attorney General; EDUARDO AGUIRRE, Director, U.S. Citizenship and Immigration Services (CIS), Enforcement (ICE); and DENISE M. FRAZIER, District Director, U.S. Citizenship and Immigration Services (CIS),[1] | ORDER |
| Respondents. | |

---

Herbert A. Igbanugo and Katie A. DeGrio, IGBANUGO PARTNERS INT'L LAW FIRM, PLLC, for petitioner.

D. Gerald Wilhelm, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF MINNESOTA, for respondents.

Petitioner Sadou Bah moves for an award of costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Court grants the motion with respect to costs and denies the motion with respect to attorney's fees.

---

[1]Pursuant to Fed. R. Civ. P. 25(d), United States Attorney General Michael B. Mukasey is substituted as a party for former Attorney General Alberto R. Gonzales. The clerk's office is directed to amend the official caption accordingly.

Section 2412(a) of Title 28 of the United States Code authorizes the Court to award costs to a "prevailing party" in litigation against the United States.  28 U.S.C. § 2412(a).  The government does not deny that Bah is a prevailing party under § 2412.  The Court finds that, under the circumstances of this case, Bah should recover his costs, as defined in 28 U.S.C. § 1920, to the same extent that Rule 54(d)(1) of the Federal Rules of Civil Procedure permits a prevailing party to recover costs against non-governmental parties.

With respect to attorney's fees, Bah's primary argument is that a fee award is mandatory under § 2412(d), which provides that, in most actions against the federal government, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Secondarily (and cursorily), Bah argues that the Court should award fees under § 2412(b), which authorizes federal courts, in their discretion, to award attorney's fees to parties such as Bah who prevail in litigation against the United States.  Pet. Mem. Supp. Mot. Atty's Fees & Costs at 1 [Docket No. 39].  The Court disagrees with Bah on both points.

With respect to § 2412(d)(1)(A), the government contends that because both its underlying actions in detaining Bah and its position in this litigation were "substantially justified," a fee award is not mandatory.  Resp. Opp. Pet. Atty's Fees at 4-9 [Docket No. 42].  The Court agrees.

Although the Court granted Bah's petition for a writ of habeas corpus and directed the government to release him, the Court did so only after carefully considering how to characterize Bah's detention under 8 U.S.C. §§ 1226 and 1231 and how to apply *Zadvydas v. Davis*, 533 U.S.

678 (2001).  *See Bah v. Cangemi*, 489 F. Supp. 2d 905, 914-23 (D. Minn. 2007).  The government's primary argument in this case — that Bah's removal order was not administratively final in light of the Eighth Circuit's decision to grant Bah's petition for review, and that his detention was therefore not subject to the time limits in § 1231 and *Zadvydas* — was reasonable, although the Court ultimately rejected it.

The Court notes, however, that the government's alternative argument — that Bah's "[d]etention was lawful because it was not 'potentially permanent,'" Resp. Opp. Pet. Atty's Fees at 5 — was not reasonable.  The Court has made this point once already.  In a footnote in its order on the merits of Bah's petition, the Court said that the government "badly misstates the law" in making this argument.  *Bah*, 489 F. Supp. 2d at 922 n.12.  Yet the government, having evidently overlooked this footnote, contends in its brief opposing Bah's fee petition that the argument was reasonable.  Resp. Opp. Pet. Atty's Fees at 5-7.  To be clear:  Under *Zadvydas*, post-removal-period detention that exceeds six months is presumptively unreasonable, and the government may not detain an alien beyond that period if the alien establishes "that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.  The alien does *not* need to show that his detention is "potentially permanent."  It was unreasonable for the government to argue for this "potentially permanent" standard in the first place, and it is nearly incomprehensible that the government insists otherwise in opposing Bah's fee petition.

Nevertheless, because the government's position was substantially justified in other respects, the Court is not required to award fees under 28 U.S.C. § 2412(d)(1)(A).  Further, the Court declines to exercise its discretion to award fees under 28 U.S.C. § 2412(b).  As between

Bah and the government, the Court believes that it is fair for each side to bear its own attorney's fees.

Because the Court denies Bah's fee petition, the Court does not consider the reasonableness of the fee request or whether Bah in fact incurred any fees.[2] The Court also does not address the government's argument that "special circumstances" would make an award of fees "unjust" under 28 U.S.C. § 2412(d)(1)(A). *See* Resp. Opp. Pet. Atty's Fees at 9-10.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (EAJA) [Docket No. 37] is GRANTED IN PART and DENIED IN PART as follows:

1. Petitioner's motion for costs under 28 U.S.C. § 2412(a) is GRANTED. Bah is entitled to recover his costs, as defined in 28 U.S.C. § 1920, to the same extent that Rule 54(d)(1) of the Federal Rules of Civil Procedure permits a prevailing party to recover costs against non-governmental parties.

    a. If Bah wishes to recover such costs, he must submit a separate bill of costs to the clerk's office by March 18, 2008.

---

[2]The Court notes, however, that Bah's counsel appears to have agreed to charge him a flat fee of $17,000 for representing him in this matter. Pet. Mem. Supp. Mot. Atty's Fees & Costs Ex. 1 [Docket No. 40]. If the Court *did* award fees in this case, it would require Bah's counsel to explain why the Court's award should exceed the amount that Bah was obligated to pay for the representation.

      b.      The clerk's office is directed to process Bah's bill of costs in accordance with the clerk's office's procedures for processing ordinary bills of costs submitted pursuant to Rule 54(d)(1) by prevailing parties in civil cases.

2.      Petitioner's motion for attorney's fees under 28 U.S.C. § 2412(b) is DENIED.

3.      Petitioner's motion for attorney's fees under 28 U.S.C. § 2412(d)(1)(A) is DENIED.

Dated:  March 11, 2008                                 s/Patrick J. Schiltz
                                                                                  Patrick J. Schiltz
                                                                                  United States District Judge